■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILLO BRANCATO, Appellant. [958 NYS2d 7]—

Even were this Court to find, as urged by defendant, that the People failed to prove the voluntariness of defendant's statements beyond a reasonable doubt, and that defendant's suppression motion should have been granted, the error would have been harmless beyond a reasonable doubt. There is no reasonable possibility that the error contributed to defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The statements added nothing to the People's case because they merely tended to establish the elements of attempted burglary that were otherwise uncontested at trial. They also provided no material support for the People's case on the contested elements. In his trial testimony, defendant admitted that he had broken a window, but claimed that he believed that he had permission to enter his friend and drug supplier's apartment for the purpose of obtaining drugs. None of the admitted statements involved the disputed issue of permission. Even to the extent the statements referred to a "plan" to enter the apartment, this statement was entirely consistent with a plan to make a permitted entry, as defendant claimed. Moreover, there was overwhelming evidence refuting defendant's claim that he believed he was entering the apartment with permission. Defendant's testimony was both unbelievable (*see People v Hall*, 18 NY3d 122, 132 [2011] [considering defendant's "ridiculous explanation" in harmless error analysis]) and contradicted by physical evidence, raising an inference that defendant was aware he was committing a crime.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, DeGrasse, Román and Gische, JJ.